IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
(TOPEKA DOCKET)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 05-40126-01-RDR |
| | ) | |
| DIANA VELIA GUYTON, | ) | |
| Defendant. | ) | |
| | ) | |

**OBJECTION TO MOTION FOR CONTINUANCE**

Defendant objects to the Government's Motion to Continue this case from the date that has been established for more than five months.

Counts 1 and 2 in the instant case were filed on November 5, 2005. Presumably, the identity of the government's witnesses necessary to prove Counts 1 and 2 were known at that time. Soon thereafter, the Court set this matter for trial to start on February 21, 2006. Due to Defendant's need for ancillary discovery, she moved, on February 3, 2006 for a short continuance. The Court granted Defendant's request and set the matter down for trial on July 10, 2006.

A superseding indictment was handed down on June 14, 2006, but no additional witnesses would have been generated by Count 3 which was added at that time.

In the government's motion to continue, it is alleged that:

 5. The government has made every reasonable effort to obtain the appearances and respective testimonies of the above-referenced witnesses at the trial of this matter, consistent with diplomatic protocol.

The government then detailed a series of steps that had been taken by an employee of

the U. S. Attorney's Office and Personnel of the Department of Homeland Security between May 30, 2006 and June 28, 2006 to identify and secure the presence of certain witnesses, some being employees of Mexican governmental entities and one being an individual citizen in Mexico.

Apparently, the efforts to secure witnesses didn't start until 40 days before the trial was scheduled to begin. Defendant submits that those efforts do not constitute "every reasonable effort . . . consistent with diplomatic protocol."

A cursory search of the internet to see what an MLAT is led counsel for Defendant to http://www.usdoj.gov/tax/readingroom/criminal/taxc41.htm#41.01 which is a U S. Department of Justice website which spells out how Justice Department employees can obtain foreign evidence and other types of assistance when prosecuting criminal cases. The introductory paragraph, in pertinent part, says:

> Obtaining foreign evidence and other types of international assistance under the various processes described here usually requires considerable amounts of time and can cause significant delays in an investigation or trial proceeding. *Thus, a prosecutor should initiate seeking such evidence or assistance through the appropriate process as soon as possible.*
>
> It is extremely important to remember that *no United States investigator or prosecutor should contact foreign authorities or witnesses, whether by telephone or other means, or undertake foreign travel, without obtaining the proper clearances or authorizations.* Prosecutors under the jurisdiction of the Department of Justice are required to coordinate and clear all such contacts and travel through the Office of International Affairs ((202) 514-0000).

Emphasis supplied.

Defendant submits that a simple comparison of the steps taken by the government to secure foreign witnesses in this case with the governments's own manual, *supra*, would lead to the conclusion that the government cannot show that the witnesses are absent despite their due

diligence.  18 USC  § 3161 (h)(3)(B).

Defendant urges the Court to find that the Government has failed to follow its own rules with respect to securing foreign witnesses, and therefore it is not possible to find, pursuant to 18 USC § 3161(h)(8)(A), that "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."

Defendant further urges upon the Court that if the Government waited until May 30, 2006 before beginning to try to secure foreign witnesses, and then did so in a manner inconsistent with its own procedures, then, pursuant to 18 USC § 3161(h)(8)(C), "No continuance under subparagraph (A) of this paragraph shall be granted because of . . . failure to obtain available witnesses on the part of the attorney for the Government."

WHEREFORE, Defendant respectfully requests that this court deny the government's motion to continue trial.

<u>S/ Richard E. Jones</u>
Richard E. Jones

Richard E. Jones #07702
Attorney at Law
1503 SE Quincy
Topeka KS  66612
Voice: 785-235-3961
Facsimile: 785-235-3967
Email:  joneslawoffice@sbcglobal.net
ATTORNEY FOR DEFENDANT

**CERTIFICATE OF SERVICE**

       I hereby certify that on July 7, 2006, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to the following:

Mr. Greg Hough
Assistant United States Attorney
444 SE Quincy Room 290
Topeka KS 66683

                                            s/Richard E. Jones