# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 05-40126-01-RDR |
| ) | Filed in Open Court |
| DIANA GUYTON, ) | 8-25-06 |
| Defendant. ) | Ralph L. DeLoach, Clerk |
| ) | By Mary G Ikle |
| | Deputy |

**MOTION FOR JUDGMENT OF ACQUITTAL AND
SUPPORTING MEMORANDUM OF LAW**

Comes Now Diana Guyton, by and through her undersigned attorney and, pursuant to Fed. R. Cr. P. 29, requests that this Honorable Court enter a judgment of acquittal on all counts of the indictment. She was indicted for (1) possession of a false passport with intent to defraud the government, (2) use of Passport No. 26840500 (should have been No. Z6840500)[1], after having procured it by false statement on the application therefor, and (3) furnishing false information on an application for social security card with the intention of deceiving the Commissioner of Social Security as to her identity. In support of this motion, Defendant shows the Court that the government has failed to present sufficient evidence to sustain a conviction for any of the offenses. The government failed to present any evidence that Ms. Guyton possessed a false passport. In the same vein, the government failed to present any evidence that Ms. Guyton

---

[1] It appears that Mr. Giner misread a "Z" as a "2" when he began complaining to authorities about the Defendant. That misreading has continued throughout the investigation, up to and including the superceding indictment where the Grand Jury meant to refer to Ms. Guyton's passport No. Z6840500, but instead referred to it as No. 26840500.

intentionally or knowingly used or attempted to use Passport No. Z6840500 at or about March 26, 2004. Finally, Defendant shows the Court that the government has presented no evidence to prove that Defendant knowingly provided false information in the application for her replacement social security card with the intent to deceive the Commissioner of Social Security as to her identity.

## MEMORANDUM OF LAW

### INTRODUCTION

Diana Guyton was initially indicted pursuant to the Identity Theft and Assumption Deterrence Act (ITADA), 18 USC § 1028 (a) (4) and 18 USC § 1542. A superseding indictment added the charge of furnishing false information in an effort to deceive the Social Security Commissioner as to her identity, in contravention of 42 USC § 408(a)(6), when she filled out an application in order to get a replacement Social Security card as her divorce from Miguel Giner was being finalized. In her application, she indicated that she was born in Ojinaga, Chihuahua, Mexico. The government claims that she was born in Camargo, Chihuahua, Mexico. Defendant submits that there was no knowing or willful furnishing of false information on either the application for passport or the application for replacement Social Security card, but even if the information provided was erroneous, the mistake was not material.

ITADA provides for criminal penalties where an individual knowingly possesses false identification documents (such as a U. S. passport) with the intent to defraud the U.S. government. A false identification document is specifically defined in subsection (d)(4), as follows:

> (d) In this section -...
> (4) the term "false identification document" means a document of a type intended or commonly accepted for the purposes of

> identification of individuals that -
> (A) is not issued by or under the authority of a governmental
> entity or was issued under the authority of a governmental
> entity but was subsequently altered for purposes of deceit; and
> (B) appears to be issued by or under the authority of the
> United States Government, a State, a political subdivision of a
> State, a foreign government, a political subdivision of a
> foreign government, or an international governmental or
> quasi-governmental organization;

18 USC § 1028 (d)(4).

18 USC § 1542 provides for criminal penalties where an individual willfully and knowingly uses a passport that has been secured by a false statement in the application therefor.

42 USC § 408(a)(6) provides for criminal penalties where an individual knowingly furnishes false information on an application for a Social Security card with the intent to deceive the Commissioner of Social Security as to her true identity.

Defendant Diana Guyton moves this court for judgment of acquittal on all counts, under Federal Rule of Criminal Procedure 29.

## EVIDENCE THUS FAR[2]

The government's proof thus far shows that someone altered Defendant's Ojinaga birth certificate and the marriage certificate of Defendant's parents. A logical conclusion to be drawn from the two altered documents is that someone wanted to show that Alicia Chavira and Samuel Guyton had married prior to the birth of baby girl Diana Velia. The evidence also shows that Diana was seven years old when her parents registered her birth in Ojinaga. Finally, the evidence

---

[2]This motion is being after the first day of of what is anticipated will be a five day trial. As such, the summary of the evidence is based on the government's discovery, other investigation conducted by the undersigned and the testimony of the government's first two witnesses, Upton and Pasquale. If further evidence at trial differs significantly from what is now known, this will be addressed at the oral presentation of Ms. Guyton's Rule 29 motion.

shows that Diana Guyton stated that Ojinaga, Chihuahua, Mexico was her place of birth on the application for replacement Social Security card. The evidence is clear that Ojinaga, Chihuahua is the same location that Diana's father put on the original application for Social Security card for his daughter in 1976 when she was 11 years old, the same location that Diana had put on the application in 1992 when she first came to this country, and the same location that Diana had put on the application at other times when she needed a replacement card.

## DISCUSSION

*The Court should grant Defendant's Rule 29 Motion on all counts because no reasonable jury could find that the government has borne its burden of proving all of the elements of the offenses beyond a reasonable doubt.*

The defense is timely moving, under F R Cr P 29(a) for a judgment of acquittal upon the close of the government's case.

F R Cr. P. 29(a) requires the court to grant a judgment of acquittal "of any offenses for which the evidence is insufficient to sustain a conviction." F R. Cr. P 29(a).

Defendant submits that she is entitled to a judgment of acquittal on counts 1, 2 and 3 due to the government's failure to submit sufficient evidence upon which a reasonable jury could find in favor of the government on each element beyond a reasonable doubt.

The court must determine whether "based on the direct and circumstantial evidence, together with the reasonable inferences to be drawn therefrom," a rational jury could find beyond a reasonable doubt that there was sufficient evidence to support a verdict of guilty. *United States v. Smith*, 133 F.3d 737, 742 (10th Cir. 1997). The jury should not be permitted to convict Defendant based on speculation or mere suspicion. "While the jury may draw reasonable inferences from direct or circumstantial evidence, an inference must be more than speculation and conjecture to be reasonable, and caution must be taken that the conviction not be obtained by

piling inference on inference. . . . A jury will not be allowed to engage in a degree of speculation and conjecture that renders its finding a guess or mere possibility. Such [an inference] is infirm because it is not based on the evidence." *United States v. Jones*, 44 F.3d 860, 865 (10th Cir. 1995) (citation and quotation marks omitted).

The Tenth Circuit's prohibition against piling inference upon inference "indicates that at some point along a rational continuum, inferences may become so attenuated from underlying evidence as to cast doubt on the trier of fact's ultimate conclusion." *United States v. Summers*, 414 F.3d 1287, 1295 (10th Cir. 2005). Here, the government's case is based on multiple and successive inferences, and Defendant submits that the Court should not permit the jury to leap such a wide gap between fact and conclusion.

***Counts one and two should be dimissed because the action was brought in the wrong venue.***

The defendant, Diana Guyton, was indicted on November 2, 2005, for possession of a false passport with intent to defraud the US Government in violation of 18 U.S.C. §1028(a)(4) and for use of a passport which was received based on false information supplied in the passport application in violation of 18 U.S.C. § 1542. A superseding indictment on June 14, 2006, added a third charge, furnishing false information in an application for a Social Security card with the intent to deceive the Commissioner of Social Security as to her identity.

Proper venue in criminal proceedings was a matter of concern to the Nation's founders. Their complaints against the King of Great Britain, listed in the Declaration of Independence, included his transportation of colonists "beyond Seas to be tried."

Venue in federal criminal prosecutions is a question of fact which the government must prove. *Wilkett v. United States*, 655 F.2d 1007, 1011 (10th Cir. 1981), *cert. denied*, 454 U.S. 1142 (1982). Unlike the elements of the substantive crime, however, the government must prove

venue only by a preponderance of the evidence.

U.S. Const. Art. III, § 2, provides that the "trial of all crimes . . . shall be held in the state where the said crimes shall have been committed." This requirement is reiterated in the Sixth Amendment and codified in Fed. R. Crim. P. 18, which provides that criminal prosecutions "shall be had in a district in which the offense was committed." Rule 18 recognizes that criminal acts may extend beyond the borders of a single district. Congress addressed the issue of venue in multi-district crimes in 18 U.S.C. § 3237(a):

> Except as otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed.

In *US v. Black Cloud*, 590F.2d270 (8th Cir. 1979), the Court said:

> Fed.R.Cir.P.18 provides that "[e]xcept as permitted by statute or this rule, the prosecution shall be had in the district in which the offense was committed.
> * * *
> Where lack of proper venue is apparent on the face of the indictment, venue objections are waived if not made prior to trial. *United States v. Bohle*, [445 F.2d 54, 58]. [W]hen an indictment contains proper allegations of venue so that defendant has no notice of a defect of venue until the government rests its case, the objection is timely if made at the close of the government's evidence.
> * * *
> The government has the burden of proving that venue is proper. *United States v. Winer*, 519 F.2d 256, 257 (8th Cir.. 1975).
> * * *
> In a criminal case, the question of venue is not merely a legal technicality, but a significant public policy. *United States v Johnson*, 323 U.S. 273, 276, 55 S.Ct.249, 89 L.Ed. 236 (1944).

at p. 272-73.

In *US v Evans*, 318 F.3d 1011 (10th Cir. 2003), the defendant was convicted at trial of multiple counts, including counts 6 and 7 (attempted manufacturing of methamphetamine, and possession of ephedrine and pseudoephedrine with intent to manufacture methamphetamine).

Defendant appealed, citing as error the district court's denial of his motion for judgment of acquittal on counts of 6 and 7. The court said:

> "The standard of review for whether venue lies in a particular district is whether, viewing the evidence in the light most favorable to the government and making all reasonable inferences and credibility choices in favor of the finder of fact, the government proved by a preponderance of direct or circumstantial evidence that the crimes charged occurred within the district." *United States v Rinke* 778 F.2d 581, 584 (10th cir 1985).

at p. 1021.

The site of a charged offense "must be determined from the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Anderson,* 328 U.S. 699, 703 (1946)

Defendant submits that, although the superseding indictment contains proper allegations of venue, viewing the evidence in the light most favorable to the government, and giving full sway to the credibility of all the witnesses who have testified, the evidence presented contains <u>no</u> direct or circumstantial evidence that (1) Defendant possessed a false passport **in Kansas** or (2) that Defendant used or attempted to use <u>any</u> passport **in Kansas**[3].

The indictment, in Count one begins by saying "[f]rom on or abut the 24th day of March, 2004, to on or about the 26th day of March, 2004, in the District of Kansas, and elsewhere, the defendant DIANA VELIA GUYTON. . . ." Count two of the same indictment begins by saying, "[o]n or about the 26th day of March, 2004, in the District of Kansas, and elsewhere, the defendant DIANA V. GUYTON . . . ." The nature of the crimes described in the indictment, possessing and using passports (whether the false one alleged in Count one or the authentic one alleged in Count two), in the context of attempting to defraud the United States officials dictates

---

[3]Government agents Upton and Pasquale both testified that they had not seen Defendant possess, use or attempt to use a passport in any place.

that the site of the offense was at the Port of Entry, just as Defendant entered the United States from Mexico[4]. Therefore, Defendant submits that, on the principle of venue, without consideration of other factors, the Court should acquit Defendant on Counts one and two, because the action was brought in Kansas while all of the evidence shows that the acts constituting the alleged offenses occurred in Texas.

***Defendant should be acquitted on Count 1 because the government has produced no evidence of a false passport.***

In order to establish the offense proscribed by 18 USC §1028(a)(4), the government must prove each of the following elements beyond a reasonable doubt:

First: That the Defendant knowingly possessed a false passport, from about March 24, 2004, as described in the indictment; and

Second: That the Defendant possessed the false passport with the intent that it be used to defraud the United States.

We submit that a passport in this case should be defined as follows: The term "passport" means an official government document issued by or under the authority of a government that certifies one's identity and citizenship and permits a citizen to travel abroad.

We submit that a false passport should be defined as follows: The term "false passport" means a document that appears to be a passport issued by or under the authority of a government, but is not issued by or under the authority of any government.[5]

The undisputed evidence introduced by the prosecution is that Defendant had been issued

---

[4]It is undisputed that Defendant was in Mexico facing the Mexican charges in Camargo, Chihuahua on March 22, 2004 and that on March 26, 2004, she presented herself at the Presidio, Texas Port of Entry to re-enter the United States of America.

[5]See 18 USC § 1028 (d)(4).

a genuine U.S. passport, by and under the authority of the United States Department of State, and that it was not a false passport, as alleged in the indictment. Further, there is no evidence that on or about March 24, 2004 to March 26, 2004 Defendant possessed any passport, let alone a "false passport" in the context of the indictment. Therefore, Defendant prays that the Court acquit her of Count one of the indictment.

***Defendant should be acquitted on Count 2 should because the government has produced no evidence that Defendant used or attempted to use Passport No. Z6840500.***

In order to establish the offense proscribed by 18 U. S. C. § 1542, the government must prove each of the following elements beyond a reasonable doubt:

First: The defendant knowingly used or attempted to use U. S. Passport No. [Z]6840500 on or about March 26, 2004; and

Second: The defendant knew the said passport was procured by means of a false statement in the application therefor, to wit: that she was the daughter of a U. S. Citizen.

"The purpose of this act was to punish the use of passports obtained by false statements." *Browder v. United States*, 312 U.S. 335, 340 (1941). "The gravamen of the offense . . . is the making of a false statement." *United States v. Cox*, 593 F.2d 46, 48 (6th Cir. 1979). Thus, the "crime is complete when one makes a statement one knows is untrue to procure a passport." *United States v. O'Bryant*, 755 F.2d 1528, 1535 (11th Cir. 1985). "Knowing use of any false statement to secure a passport, including the use of a false name or birth date, constitutes a violation of § 1542." *Liss v. United States*, 915 F.2d 287, 293 (7th Cir. 1990). Therefore, under the terms of the indictment, the government must prove that the defendant made a willful and knowing false statement in an application for a passport *and then made a willful and knowing use of the passport secured by a false statement.*

The indictment alleges that Defendant used a passport which was secured by false statement in the passport application, in particular, the indictment charges that Defendant falsely claimed to be the daughter of a U. S. Citizen. The government has produced absolutely no evidence that Defendant used or attempted to use Passport No. Z6840500 on or about March 26, 2004. Further, the government has produced absolutely no evidence that Defendant is not the daughter of a U. S. Citizen [i.e. that the statement that her father was Samuel Guyton of Walnut Spring (sic), Texas, as stated in the application, is false]. For that reason, Defendant prays that the Court acquit her of Count two of the indictment.

The court should not allow the government to ask the jury to make inference upon inference upon inference, and guess that somehow Ms. Guyton may be guilty in some way of using a passport which was secured by a false statement in the application therefor. The court should not and can not suffer a conviction predicated on conjecture. *United States v. Toller, supra,* 144 F.3d, at 1433; *United states v. Perez-Costa, supra,* 36 F.3d, at 1557; *United States v. Hardy, supra,* 895 F.2d, at 1335.

The altered birth certificate and marriage certificate did nothing to alter Defendant's identity, nor that of her mother or father. How documents from the office of the Civil Register became altered has nothing to do with whether Defendant made a false statement on the passport application about the identity of her father. Defendant is charged with falsely stating that she is the daughter of Samuel Guyton of Walnut Spring (sic), Texas. Since the government did not produce any proof that Diana Guyton is not the daughter of Samuel Guyton of Walnut Springs, Texas, she cannot be found guilty of Count two of the indictment. *United States v. Toller,* 144 F.3d, at 1426. Finally, the record is absolutely silent with respect to Defendant using or attempting to use a passport when she presented herself for inspection at the Presidio, Texas Port

of Entry. Since no rational jury could find beyond a reasonable doubt that there was sufficient evidence to support a finding that Defendant used <u>any</u> passport, this Court should acquit Defendant on Count two.

***The Court should acquit Defendant of Count 3 because the government has produced no evidence that Defendant knowingly gave false information as to the city of her birth.***

In order to establish the offense proscribed by 42 U. S. C. § 408(a)(6), the government must prove each of the following elements beyond a reasonable doubt:

First: On the 2nd of August, 2001, Defendant furnished information that she was born in Ojinaga, Chihuahua, Mexico;

Second: That Defendant falsely stated that she was born in Ojinaga, Chihuahua, Mexico;

Third: That the falsity related to a material matter;

Fourth: That the Defendant acted willfully and with knowledge of the falsity; and

Fifth: That the Defendant furnished the false information with the intent to deceive the Commissioner of Social Security as to her true identity.

The government alleges that Defendant provided false information with respect to her place of birth in an effort to deceive the government as to her identity. Defendant put on the application for replacement Social Security card that she was born in Ojinaga, Chihuahua, Mexico. There has been no evidence that Defendant had knowledge of a different place of birth, or that Defendant provided the information in an attempt to deceive the government. On the contrary, the evidence is that since Defendant's father first made application for a Social Security number for Defendant in 1976, Defendant's identity with the Social Security Administration has always been aligned with a female born on June 14, 1965 in Ojinaga, Chihuahua, Mexico.

## CONCLUSION

WHEREFORE, Diana Guyton respectfully requests that this court grant her motion under F. R. Cr. P. 29, and enter a judgment of acquittal as to all three counts of the indictment.

S/Richard E. Jones
Richard E. Jones

Richard E. Jones #07702
Attorney at Law
1503 SE Quincy
Topeka KS 66612
Voice: 785-235-3961
Facsimile: 785-235-3967
Email: joneslawoffice@sbcglobal.net
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on August 25th, 2006, I filed the foregoing with the clerk of the court and hand delivered a copy to:

Mr. Greg Hough
Assistant United States Attorney
444 SE Quincy Room 290
Topeka KS 66683

s/Richard E. Jones