**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,                    )
                                 )
                  Plaintiff,     )
                                 )
    vs.                             )    **No. 05-40126-01-RDR**
                                 )
DIANA VELIA GUYTON,                           )
                                 )
                Defendant.     )
_____)

**INSTRUCTIONS TO THE JURY**

INSTRUCTION NO. _____

MEMBERS OF THE JURY:

Now that you have heard the evidence and the argument, the time has come to instruct you as to the law governing the case.

Although you as jurors are the sole judges of the facts, you are duty bound to follow the law as stated in the instructions of the court and to apply the law so given to the facts as you find them from the evidence before you.

If, in these instructions, any rule, direction or idea be stated in varying ways, no emphasis thereon is intended by me and none must be inferred by you. For that reason, you are not to single out any certain sentence or any individual point or instruction and ignore the others, but you are to consider the instructions as a whole, and you are to regard each instruction in the light of all the others.

Neither are you to be concerned with the wisdom of any rule of law. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base a verdict upon any other view of the law than that given in the instructions of the court.

INSTRUCTION NO. 2

The Indictment in this case reads substantially as follows.
The Grand Jury charges:

## COUNT 3

On or about the 2nd day of August, 2001, in the District of
Kansas, and elsewhere, the defendant,

### DIANA VELIA GUYTON,

in a matter within the jurisdiction of the United States Social
Security Administration, did knowingly, willfully and with the
intent to deceive the Commissioner of Social Security as to her
true identity, furnish and cause to be furnished false information
to the Commissioner of Social Security with respect to information
required to establish and maintain records under the Social
Security Act, for the purpose of obtaining an unrestricted Social
Security card, that is, in response to the question "PLACE OF
BIRTH," defendant **DIANA VELIA GUYTON**, knowingly and with intent to
deceive the Commissioner of Social Security as to defendant's true
place of birth, answered "Ojinaga, Mexico" on an Application For
Original Social Security Number Card (SSA Form 5), when in truth
and in fact, as the defendant **DIANA VELIA GUYTON** then and there
well knew, her true place of birth is Camargo, Chihuahua, Mexico.

In violation of Title 42, United States Code, Section
408(a)(6).

INSTRUCTION NO. _3_

The court has dismissed Counts one and two of the Indictment. This must have no influence upon your decision regarding Count three. You must deliberate with regard to Count three without considering the court's action.

INSTRUCTION NO. __4__

An Indictment is but a formal method of accusing a defendant of a crime. It is not evidence of any kind against a defendant and does not create any presumption or permit any inference of guilt. It is a mere charge or accusation — nothing more and nothing less.

INSTRUCTION NO. 5

To the charge contained in the Indictment, the defendant has entered a plea of "not guilty." This plea puts in issue every material element of the crime charged and makes it incumbent upon the United States to establish by the evidence, to your satisfaction beyond a reasonable doubt, as such term is hereinafter defined, every material element of the offense charged. If the government does not discharge its duty or burden of proving defendant guilty beyond a reasonable doubt with respect to the crime charged, then it will be your duty to find defendant not guilty with respect to such crime. On the other hand, if the government has discharged its duty in proving defendant guilty of the crime charged beyond a reasonable doubt, then it will be your duty to find defendant guilty.

INSTRUCTION NO. 6

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crimes charged, you must find her guilty. If, on the other hand, you think there is a real possibility that she is not guilty, you must give her the benefit of the doubt and find her not guilty.

INSTRUCTION NO. ___7___

　　　The law presumes a defendant to be innocent of a crime. This presumption remains with him throughout the trial. Thus, a defendant, although accused, begins the trial with a "clean slate" with no evidence against him. The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused, thus the presumption of innocence alone is sufficient to acquit a defendant unless you, as jurors, are satisfied of the defendant's guilt beyond a reasonable doubt, from all the evidence in the case.

INSTRUCTION NO. 8

A reasonable doubt may arise not only from the evidence produced, but also from a lack of evidence. Since the burden is always upon the prosecution to prove the accused guilty beyond a reasonable doubt of every essential element of the crimes charged, a defendant has the right to rely upon failure of the prosecution to establish such proof. A defendant may also rely upon evidence brought out on cross-examination of witnesses for the prosecution. The law does not impose upon a defendant the burden or duty of producing any evidence.

INSTRUCTION NO. _9_

Count three of the indictment alleges that defendant violated Title 42, United States Code, Section 408(a)(6). This section of the federal code makes it a crime to furnish false information to the Commissioner of Social Security willfully, knowingly and with intent to deceive, when that information is required in connection with the establishment and maintenance of records provided for in section 405(c)(2) of Title 42. Count three alleges that defendant committed this violation when she deceived the Commissioner of Social Security as to defendant's true place of birth on an Application for a Social Security card.

Defendant can be found guilty of the offense charged in Count three only if all of the following elements are proven beyond a reasonable doubt:

1) that defendant furnished false information to the Commissioner of Social Security on or about the date alleged in Count three of the Indictment;

2) that the information was required by the Commissioner of Social Security in connection with the establishment and maintenance of records of the age, citizenship, or alien status and true identity of applicants for social security numbers, and for the issuance of social security cards;

3) that defendant did so knowingly, willfully and with intent to deceive the Commissioner of Social Security as to her true

identity.

A person's true "identity" includes her citizenship or alien status or place of birth.

INSTRUCTION NO. _10_

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded herself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability of the existence of the fact in question, unless the defendant did not actually believe the fact in question.

INSTRUCTION NO. _11_

You will note the Indictment charges that the offense was committed "on or about" a certain date. It is not necessary that the proof establish with certainty the exact date of the alleged offense. It is sufficient if the evidence shows beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

INSTRUCTION NO. _12_

Defendant is on trial only for the acts alleged in the Indictment. She is not on trial for any other act or conduct. In determining whether defendant is guilty or innocent, you are to consider only whether the defendant has or has not committed the acts charged in the Indictment. Even if you are of the opinion that defendant is guilty of some offense not charged in the Indictment, you must find the defendant not guilty if the evidence does not show beyond a reasonable doubt that the defendant has committed the specific acts charged in the Indictment.

INSTRUCTION NO. __13__

There are two types of evidence from which a jury may find the truth as to the facts of a case. One is direct evidence -- such as the testimony of an eyewitness. The other is circumstantial evidence -- the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

INSTRUCTION NO. 14

Statements, arguments and questions of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them, all exhibits received in evidence, regardless of who may have produced them, and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the court, any evidence ordered stricken by the court, and the remarks made by the court during the trial and not directed to you, must be entirely disregarded. Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

You are to consider only the evidence in the case. But in your consideration of the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

INSTRUCTION NO. $\underline{15}$

You are the exclusive judges of the facts proved, the weight of the evidence, and the credibility of the witnesses. In weighing the testimony of the witnesses, you have a right to consider their appearance and manner while testifying, their means of knowledge, apparent intelligence or ignorance, interest or want of interest in the outcome of the case, and all other facts and circumstances appearing in the trial which will aid you in arriving at the truth. If you believe that any witness has willfully testified falsely as to any material fact, you may disregard the whole or any part of his testimony; but you are not bound to believe or disbelieve all the testimony of any witness.

When weighing conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail, and should keep in mind that innocent misrecollection -- like failure of recollection -- is not uncommon.

INSTRUCTION NO. 16

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

INSTRUCTION NO. ___17___

Evidence has been presented about a statement attributed to the defendant alleged to have been made after the commission of the crime charged in this case but not made in court.  Such evidence should always be considered by you with caution and weighed with care.  Any such statements should be disregarded entirely unless the other evidence in the case convinces you by a preponderance of the evidence that the statement was made knowingly and voluntarily.

In determining whether any such statement was knowingly and voluntarily made, consider, for example, the age, gender, training, education, occupation, and physical and mental condition of the defendant, and any evidence concerning her treatment while under interrogation if the statement was made in response to questioning by government officials, and all the other circumstances in evidence surrounding the making of the statement.

If, after considering all this evidence, you conclude by a preponderance of the evidence that the defendant's statement was made knowingly and voluntarily, you may give such weight to the statement as you feel it deserves under all the circumstances.

INSTRUCTION NO.  18

The testimony of a witness may be discredited or, as we
sometimes say, impeached by showing that he or she previously made
statements which are different than or inconsistent with his or her
testimony here in court.    It is the province of the jury to
determine the credibility, if any, to be given the testimony of a
witness who has made prior inconsistent or contradictory
statements.

INSTRUCTION NO. 19

The defendant has offered evidence in the form of reputation for honesty and integrity. You should consider such evidence along with all the other evidence in the case.

Evidence in the form of reputation for honesty and integrity may be sufficient to raise a reasonable doubt whether the defendant is guilty, because you may think it improbable that a person of honesty and integrity would commit such a crime. Evidence in the form of reputation of a defendant's honesty and integrity may be inconsistent with those traits of character ordinarily involved in the commission of the crime charged, and may give rise to a reasonable doubt.

You should also consider any evidence offered to rebut the evidence offered by the defendant.

INSTRUCTION NO. 20

You are instructed that the testimony offered by agents, officers or employees of the government shall not be given any greater weight or credibility by the fact alone of their office, but that such testimony should be weighed and considered as to credibility on the same ground and for the same reason that the testimony of all other witnesses is weighed and judged.

INSTRUCTION NO. _21_

The defendant in this case has offered herself as a witness and has testified from the witness stand. Having done so, you are to determine her credibility in the same way as you would consider the testimony of any other witness who took the stand.

INSTRUCTION NO. 22

A witness has testified, and a chart has been presented which has attempted to summarize in a chronological fashion some of the evidence which has been presented in this case. You must be advised and know that, while you may consider the witness's testimony and the chart, neither one is binding on you in any way. You are the judges of the facts in this case. If your recollection of the evidence is different than the summary given by the witness or listed on the chart, or if your review of the testimony and the exhibits leads to a different conclusion, then that recollection or conclusion must control.

The chart itself is not evidence or proof of any facts. It is merely submitted to help explain the evidence in this case from the government's perspective.

INSTRUCTION NO. 23

You have heard evidence that defendant was accused of a crime in Mexico and those charges have been translated for you. Both sides have stipulated that these charges were dismissed because of the statute of limitations. I instruct you again that a criminal charge is not evidence of a crime. It is only a charge or accusation. This evidence is only presented to explain as background how some information came to the attention of the United States Government. You should not consider evidence of the charge as evidence that defendant actually committed the crime alleged in the charge.

INSTRUCTION NO. 24

Evidence has been admitted which indicates that defendant improperly reregistered the birth of one of defendant's children in Mexico. This evidence is only introduced for the purpose of showing motive, opportunity, intent, and absence of mistake as to defendant's alleged alteration of other documents in Mexico which concerned the dates of registration of her birth and date of her parents' marriage. You should consider that evidence only for that purpose.

INSTRUCTION NO. 25

In considering the evidence in this case, you are expected to use your good sense; consider the evidence for only those purposes for which it has been admitted, and give it a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

You are to perform your duty without bias as to any party or person. The law does not permit jurors to be governed by sympathy, prejudice or public opinion.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything but the evidence in the case.

INSTRUCTION NO. 26

Neither in these instructions, nor in any ruling, action or remark that I have made during the course of this trial have I intended to interpose any opinion or suggestion as to how I would resolve any of the issues of this case.

INSTRUCTION NO. 27

The punishment provided by law for the offense charged is a matter exclusively within the province of the court and may not be considered by the jury in any way in arriving at a verdict as to the guilt or innocence of the defendant.

INSTRUCTION NO. 28

When you retire to deliberate upon this case, each juror should exercise his individual judgment so that when a verdict is agreed upon, it will constitute the verdict of each individual juror. In order to return a verdict, it is necessary that each juror agree thereto. Your decision must be unanimous.

In arriving at a verdict, each juror should give due consideration to the views and opinions of the other jurors, and should listen to their arguments with a willingness to be convinced and to yield to their views, if induced to believe them to be correct. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

You are not partisans. You are judges -- judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

INSTRUCTION NO. 29

It is the duty of the jury to reach a verdict if that can be done without violence to individual conscience. The verdict must be the verdict of each juror and not a mere acquiescence in the conclusion of others.

If you fail to reach a verdict, the parties may be put to the expense of another trial, and may once again have to endure the mental and emotional strain of a trial. If the case is retried, a future jury must be selected in the same manner and from the same source as you have been chosen, and there is no reason to believe that the case would ever be submitted to twelve men and women more competent to decide this case than those of you who compose the present jury. There is no reason to believe that there will be more or clearer evidence produced at a future trial.

I urge each and every one of you to listen to the opinions of your fellow jurors as you review the evidence presented.

However, I once again admonish you not to surrender your honest conviction as to the weight of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

INSTRUCTION NO. _30_

When you retire to your jury room, you will select one of your number to act as foreperson to preside over your deliberations and to be your spokesperson to the court. A verdict form has been provided with these instructions. Your verdict in this case will consist of answering on the verdict form whether defendant is guilty or not guilty of the charges against her. When you have arrived at a unanimous answer to the charges against defendant, you will record that answer on the verdict form and have the foreperson sign and date it. You should then seal the verdict form in an envelope and inform the bailiff that you are ready to return a verdict.

In the course of your deliberations should it become necessary for you to communicate with the court, you may do so by sending a written note, signed by your foreperson and sealed in an envelope provided to you, to the bailiff for delivery to the court. But bear in mind that you are not to reveal to the court or to any person how the jury stands, numerically or otherwise, on the issues presented for your determination until after you have reached a unanimous verdict. Of course, your verdict must be in accordance with the instructions and the evidence you have heard.

United States District Judge